FILED

10/24/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0768

DA 16-0768

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 255N

ROGER and LAURA EDMISTON,

Plaintiffs and Appellees,

v.

KENNETH and DEBRA GERKEN,

Defendants and Appellants.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
                 In and For the County of Gallatin, Cause No. DV-12-62B
                 Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

          For Appellants:

          Alanah Griffith, Griffith Law Group, Bozeman, Montana

          For Appellees:

          Sky S. Jones, Jones Law, P.C., Bozeman, Montana

                              Submitted on Briefs:  August 30, 2017

                                        Decided:  October 24, 2017

Filed:

_____
                 Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kenneth and Debra Gerken (the Gerkens) appeal from findings of fact and conclusions of law entered by the Eighteenth Judicial District Court, Gallatin County, granting Roger and Laura Edmiston (the Edmistons) an easement. We affirm.

¶3 The Edmistons own Tract 44 in a subdivision commonly referred to as Battle Ridge Ranch. The Gerkens own Tract 37. Julie Cox (Cox) currently owns Tract 45 and was the prior owner of both Tracts 37 and 44. On October 22, 2004, Cox sold Tract 37 to the Gerkens. Subsequent to a title search and the title company's request, Cox granted the Gerkens an easement to Tract 37 through Tracts 44 and 45 in a document titled Easement for Right-of-Way for Ingress, Egress, and Underground Utilities (Easement). The Easement stated it "intended to be a driveway to serve Tracts 44 and 37 and is not intended to establish or create a roadway, easement, or travel corridor to serve any other Tract or property other than that described herein." The Easement also included a provision on gates: "No gate or obstruction shall be placed over, through, or across the easement granted herein at any point on Tract 44, 45, or 37 without the prior written consent of the owners of each such tracts."

¶4     The route referred to in the Easement, established prior to Cox's sale to the Gerkens, is described from north to south as traveling through Tract 37, entering Tract 44, reentering Tract 37, reentering and traveling through Tract 44, and then traveling through Tract 45.  On August 30, 2005, Cox sold Tract 44 to the Edmistons.  The Edmistons plan to build on their property either on the southwest or northeast corner. After the Edmistons purchased Tract 44, the Gerkens removed timber and brush from their property and placed it in a pile on the Edmistons' property.  Prior to September 24, 2009, the Gerkens constructed a gate on their Tract 37 without obtaining written consent from Cox or the Edmistons.  The gate obstructs the Edmistons' use of the easement to access the northeast corner of Tract 44.

¶5     As a result of the timber and brush pile and the gate, the Edmistons filed a complaint against the Gerkens alleging trespass, nuisance, and seeking a declaratory judgment finding the Gerkens' gate illegal.  The District Court found the timber and brush pile was a nuisance and the Gerkens' construction of a gate required permission from Cox and the Edmistons.  The District Court ordered the "Edmistons, and any subsequent owners of Tract 44 in the Battle Ridge Ranch Subdivision, are entitled to use the portion of the road that enters onto Tract 37 before returning to Tract 44 for the purposes of accessing the northeast portion of Tract 44."  The District Court denied the Edmistons' claims for damages for trespass and nuisance and ordered the Edmistons and the Gerkens to each pay their own costs and attorney fees.  The Gerkens appeal.

¶6     The Gerkens raise three issues on appeal.  First, the Gerkens argue the District Court erred in recognizing the owners of Tract 44 have an easement over Tract 37.  "A

3

grantor may expressly reserve an easement over granted land in favor of retained land by using appropriate language in the instrument of conveyance." *Blazer v. Wall*, 2008 MT 145, ¶ 27, 343 Mont. 173, 183 P.3d 84 (citations omitted). On October 22, 2004, Cox sold the Gerkens Tract 37. Contemporaneous to the conveyance, the parties executed the Easement, which was "intended to be a driveway to serve Tracts 44 and 37." The Easement was recorded with the Gallatin County Clerk and Recorder's office on October 25, 2004.

¶7     This document created an express easement reserved over granted land, Tract 37, in favor of land Cox retained, Tract 44. The intention was that Tracts 37 and 44 would share the Easement as a driveway. The Edmistons now own Tract 44 and intend to use the Easement as a driveway if they build on the northeast corner of their property. The Edmistons' planned use is in accord with the Easement. The Gerkens argue Cox, as the owner of both Tract 44 and 45, could not have created an express easement over one of those parcels in favor of the other because the servitude would simply merge back into fee, *see Broadwater Dev., LLC, v. Nelson,* 2009 MT 317, ¶ 36, 352 Mont. 401, 219 P.3d 482; however, the District Court correctly concluded there is an express easement over granted land, Tract 37, in favor of retained land, Tract 44. We conclude the District Court was correct and it is therefore unnecessary to address the Gerkins' argument pertaining to merger. The District Court did not err in recognizing the Edmistons, and any subsequent owners of Tract 44, are entitled "to use the portion of the road that enters onto Tract 37 before returning to Tract 44 for the purposes of accessing the northeast

4

portion of Tract 44." Because the express easement resolves the issue, we do not address the Gerkens' arguments regarding the Battle Ridge Ranch subdivision covenants.

¶8 Second, the Gerkens argue the District Court erred in requiring them to obtain permission to erect a gate across the shared Easement. "In the construction of an instrument, the intention of the parties is to be pursued if possible." Section 1-4-103, MCA. The intended purpose of the Easement was to be used as a driveway for Tracts 37 and 44. The Easement states, "*No gate or obstruction shall be placed* over, through, or across the easement granted herein *at any point on Tract 44, 45, or 37 without the prior written consent of the owners of each such tracts*." (Emphasis added.) The Gerkens argue this provision could be read to require written consent only if an owner of one tract planned to build a gate across any point of the Easement located on another owner's tract. The District Court concluded it required written consent of all the owners of Tracts 37, 44, and 45 for any gate built at any point on the Easement no matter its location. The purpose of using the easement as a driveway would be frustrated if any individual tract owner could erect a gate blocking the easement on his or her own property without obtaining permission from the remaining tract owners. The District Court did not err in concluding the Gerkens violated the Easement provision "by constructing a gate without prior written consent [of] the owners of Tracts 44 and 45."

¶9 Third, the Gerkens argue that if they prevail on their claim regarding the Easement, then they prevail on all claims and the District Court's conclusion that each party is responsible for their own attorney fees because each party partly prevailed, is incorrect. Because we conclude the District Court did not err in granting the Edmistons

5

an easement, by the Gerkens' logic, we do not address its denial of both parties' requests for costs and attorney fees.

¶10    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶11    Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE